IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-30078 |
| | ) | |
| ROBERT LEE WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on the Government's Motion to be Released from its Responsibilities under Plea Agreement (d/e 27) and Defendant's Motion to Schedule Sentencing Hearing (d/e 30).[1]  The Government asserts that Defendant Robert Lee Wilson materially breached the Plea Agreement (d/e 20) in the instant case. The Government requests that it be released from its obligations under the Plea Agreement. Defendant's Motion asserts that he is ready to proceed to sentencing. For the reasons set forth below, the Motions are allowed.

---

[1] The Court has previously allowed the Government's Motion to File Documents under Seal.  See Minute Entry, dated June 1, 2006.  The proffered documents have been filed.  See d/e 28.

1

Wilson is charged in a three-count Indictment (d/e 9) with distribution of cocaine and at least 5 grams of cocaine base (crack). On December 29, 2005, Wilson pleaded guilty, pursuant to a Plea Agreement, to Count 3 of the Indictment. Paragraph 18 of the Plea Agreement provides as follows:

> As a condition of this entire plea agreement, the defendant will cooperate fully with law enforcement officials as agreed in the letter dated November 2, 2005, which is attached and made a part of this agreement.

<u>Plea Agreement</u>, ¶ 18.

Wilson signed the cooperation letter on December 2, 2005, acknowledging that he had read the letter in its entirety and that he understood and completely agreed to its terms. The cooperation letter, which was addressed to Wilson's counsel at the time, provides as follows:

> 3.   In return, your client agrees that he will provide <u>complete</u> and <u>truthful</u> information to law enforcement officials regarding his criminal conduct and everything he knows or has reason to believe about the criminal conduct of others. Your client also agrees to produce any and all documents and physical evidence of any kind in his possession or under his control which relate to the information he provides.
>
> 4.   Your client agrees to provide complete and truthful testimony to any grand jury, trial jury, or judge in any proceeding in which he may be called to testify by the government.

5.  You and your client further acknowledge and understand that the government's grant of use immunity herein is conditioned, in part, upon your client's complete compliance with paragraphs 3 and 4. Should your client knowingly make any materially false statement or omission in providing information or testimony under this agreement, the government will be entitled to use his statements and evidence he provides, directly and indirectly, to institute and support a criminal prosecution for any offense as well as a prosecution for giving false statements and perjury.

6.  For instance, your client must neither conceal or minimize his own actions or involvement in any offense, nor conceal, minimize, fabricate, or exaggerate anyone else's actions or involvement in any offense. He must be completely truthful about the facts whatever those may be.

7.  The offenses of giving false statements and of perjury are felonies, each instance of which is punishable by up to five years in prison plus a $250,000 fine.

8.  *Any breach of any provision of this agreement by your client will void this agreement in its entirety and will release the government from any obligation under this agreement.*

<u>Plea Agreement</u>, Ex. 1, <u>Cooperation Letter dated November 2, 2005</u> (emphasis in original).

The Government asserts that Wilson breached the Plea Agreement by failing to fulfill his commitments under the cooperation letter, in that he failed to "provide complete and truthful information to law enforcement officials" regarding criminal conduct. Paragraphs 26 and 27 of the Plea

3

Agreement address the effect of a violation of the Agreement. Specifically, these paragraphs provide:

> 26.  The defendant further agrees that if he violates the terms of this plea agreement the United States has the option to declare the plea agreement null and void. In the event the United States exercises its option to declare the plea agreement null and void, the United States will be completely released from all of its obligations under this plea agreement and the United States will be free to seek to vacate the defendant's conviction and/or sentence, and to reinstate any previously dismissed charges against the defendant or to seek the defendant's resentencing. However, in the event the United States exercises its option to declare the plea agreement null and void, the defendant will not be allowed to withdraw from any previously accepted guilty plea. The defendant also agrees to waive any and all double jeopardy rights, and the applicable statute of limitations should the United States seek to reinstate any charges against him or seek to have him resentenced.
>
> 27.  Whether or not the defendant has violated the terms of the plea agreement shall be determined by the Court. The burden of proof shall rest with the United States to establish by a preponderance of the evidence that the defendant violated the terms of the plea agreement.

<u>Plea Agreement</u>, ¶¶ 26-27,

Initially, the Government requested a hearing to present evidence regarding Wilson's alleged breach. The Court granted Wilson leave to respond to the Government's Motion, and Wilson has indicated that he does not wish to do so. See <u>Motion to Schedule Sentencing Hearing</u>, ¶ 5.

Thereafter, the Government filed a Proffer of Evidence in Support of Motion to be Released from its Responsibilities under Plea Agreement (d/e 31), asking the Court to accept certain representations as well as the documents that were previously submitted under seal as a proffer of evidence it would produce in support of its Motion to be Released from its Responsibilities under the Plea Agreement. Defendant Wilson has not objected to the Proffer.

Based on the uncontested record before it, the Court finds that the Government has established by a preponderance of the evidence that Wilson violated the terms of the Plea Agreement in that he failed to provide complete and truthful information to law enforcement officials as he agreed to do. The Government is, therefore, entitled to the remedy that is expressly included in the Plea Agreement. The Court releases the Government from its obligations under the Plea Agreement. Wilson's previously accepted guilty plea remains in effect.

THEREFORE, the Government's Motion to be Released from its Responsibilities under Plea Agreement (d/e 27) is ALLOWED. The Government is released from its obligations under the Plea Agreement. The parties indicate that the matter is ready to proceed to sentencing.

5

Therefore, Defendant's Motion to Schedule Sentencing Hearing (d/e 30) is ALLOWED.  This case is set for sentencing hearing on November 6, 2006, at 2:30 p.m.

IT IS THEREFORE SO ORDERED.

ENTER:   September 11, 2006.

    FOR THE COURT:

        s/ Jeanne E. Scott
        JEANNE E. SCOTT
        UNITED STATES DISTRICT JUDGE